UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

November 7, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:    *Derek P. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
       Civil No. 23-010-CDA

Dear Counsel:

On January 4, 2023, Plaintiff Derek P. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny his claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 11, 13, 14). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

I.    **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on July 31, 2020, alleging a disability onset of April 10, 2020. Tr. 248–55. Plaintiff's claims were denied initially and on reconsideration. Tr. 118–23, 132–44. On April 4, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 28–61. Following the hearing, on July 20, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 9–27. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II.   **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this

---

[1] 42 U.S.C. §§ 301 et seq.

process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that "there has been a continuous 12-month period(s) [sic] during which" Plaintiff "did not engage in substantial gainful activity." Tr. 15. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity, hypertension, congestive heart failure, degenerative disc disease with radiculopathy, and chronic obstructive pulmonary disorder (COPD)." *Id.* The ALJ also determined that Plaintiff suffered from non-severe "right wrist pain." Tr. 16. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* Despite these impairments, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a reduced range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) that requires no more than occasional postural movements and avoids concentrated exposure to cold, heat, humidity, vibrations, hazards and pulmonary irritants.

*Id.* The ALJ then found that Plaintiff could not perform past relevant work as a warehouse worker (DOT[2] #922.687-058) but could perform other jobs existing in significant numbers in the national economy. Tr. 19–21. Thus, the ALJ concluded that Plaintiff was not disabled. Tr. 21.

### III.  LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir.

---

[2] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

IV. **ANALYSIS**

On appeal, Plaintiff argues that the RFC was not supported by substantial evidence or the application of correct legal standards. ECF 11, at 8–24. More specifically, Plaintiff contends that the ALJ erred by failing to conduct a function-by-function assessment of Plaintiff's ability to perform the physical requirements of light work before concluding that Plaintiff could perform a reduced range of light work. *Id.* at 14. Plaintiff also avers that the ALJ erred by conflating the RFC assessment with an analysis of Plaintiff's symptoms. *Id.* at 15–17, 23. Defendant counters that substantial evidence supports the RFC assessment and that the ALJ did not improperly conflate the RFC analysis with a symptom analysis. ECF 13, at 6–15. For the reasons stated below, the Court determines that remand is not warranted.

A claimant's RFC represents "the most [they] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In determining the RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Pursuant to Social Security Ruling ("SSR") 96-8p, an RFC assessment must include an evaluation of a claimant's ability to perform the physical functions listed in 20 C.F.R. §§ 404.1545(b) and 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do . . . work." 20 C.F.R. §§ 404.1545(b), 416.945(b); *see* SSR 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996).

Only after such an analysis may an ALJ express RFC in terms of the exertional level of work of which the ALJ believes the claimant to be capable. *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021); *see also Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (holding that a *per se* rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested'") (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). As noted in *Dowling*, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Dowling*, 986 F.3d at 387 (alteration in original) (citation omitted). Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

Plaintiff takes specific issue with the ALJ's assessment of the lifting and walking requirements of light work. ECF 11, at 18–19. With respect to lifting, a careful review of the ALJ's decision reveals that the RFC assessed in this case was supported by substantial evidence. The SSA defines light work as involving the "lifting [of] no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b),

*Derek P. v. Kijakazi*
Civil No. 23-010-CDA
November 7, 2023
Page 4

416.967(b). Here, the ALJ determined that Plaintiff's testimony that he could not "lift more than five pounds" was inconsistent with the evidence of record. Tr. 17. Specifically, the ALJ noted Plaintiff's ability to "lift a case of water." Tr. 18. Although Plaintiff argues that this observation was an insufficient basis for concluding that Plaintiff could fulfill the lifting requirements of light work, *see* ECF 11, at 17–18, Plaintiff overlooks the fact that the ALJ provided several other bases for their conclusion. For instance, the ALJ observed that despite Plaintiff's allegation of disability beginning in April 2020, Plaintiff worked in a warehouse job "for most of 2021" and performed "regular heavier lifting" in that role. Tr. 15. The ALJ also cited physical therapy records from 2021 and 2022 which note that Plaintiff lifted objects which weighed up to 100 pounds while working in the warehouse. *Id.* (citing Exhibit 8F); *see also* Tr. 562.

The ALJ further noted that although it would have been "reasonable" for work with such "heavy exertional requirements" to cause Plaintiff to experience pain, Plaintiff's "ability to perform this work at the substantial gainful activity level after the alleged onset [of disability] suggests that he could in fact sustain light work with only occasional postural activities." Tr. 18. Lastly, the ALJ noted that Plaintiff retains "full strength in the extremities" and that Plaintiff's "symptoms have improved with physical therapy." *Id.* This ample analysis provides the requisite "logical bridge" between the evidence of record and the ALJ's conclusion that Plaintiff can perform the lifting requirements of light work. *Woods*, 888 F.3d at 694. As such, the Court determines that the ALJ's conclusion regarding Plaintiff's lifting abilities was supported by substantial evidence.

The Court reaches the same conclusion with respect to the ALJ's assessment of Plaintiff's ability to perform the walking requirements of light work. "Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *6 (S.S.A. Jan. 1, 1983). Here, the ALJ concluded that Plaintiff's statement that his symptoms "limit his abilit[y] to walk" was inconsistent with other evidence. Tr. 17. The ALJ specifically noted that Plaintiff "is able to walk longer distances before pain increases." Tr. 18; *see also* Tr. 570 (noting that after "gradual improvements" in range of motion and strength through physical therapy, Plaintiff has attained "an increase in ambulation tolerance").

Plaintiff contends that this analysis was insufficient because the ALJ's reference to an ability to "walk longer distances" simply referred to Plaintiff's ability to walk for 15-20 minutes before experiencing pain. ECF 11, at 18. However, Plaintiff overlooks the fact that the ALJ provided several other grounds for their conclusion on Plaintiff's walking abilities. Specifically, the ALJ noted that Plaintiff worked in a job with "heavy exertional requirements" after the alleged onset date of his disability, which "suggests that [Plaintiff] can perform a reduced range of light work." Tr. 18; *see also* 20 C.F.R. §§ 404.1567(d), 416.967(d) ("If someone can do heavy work, [the SSA] determine[s] that he or she can also do medium, light, and sedentary work."). The ALJ also observed that Plaintiff walks with a "generally unremarkable" gait and that he "even notices an improvement in symptoms after walking long distances." Tr. 18–19. Moreover, the ALJ relied on physical examination findings from June 2022 which describe Plaintiff as having no "[t]rouble

walking." *See* Tr. 18, 618. Accordingly, the Court determines that the ALJ's analysis provides an adequate basis for the Court to trace the ALJ's reasoning on the issue of Plaintiff's ability to fulfill the walking requirements of light work. *See Woods*, 888 F.3d at 694.

The fact that the ALJ "neither specifies the distance nor the duration that Plaintiff can be expected to walk in an 8-hour period on a regular and continuing basis" does not alter the Court's conclusion. *See* ECF 11, at 18. A "limitation to light work implicitly includes a finding that the plaintiff [can] stand or walk off and on for a total of approximately six hours of an eight-hour workday[.]" *Robinson v. Astrue*, No. 2:10-185-DCN, 2011 WL 4368416, at *8 (D.S.C. Feb. 18, 2011) (collecting cases), *report and recommendation adopted*, No. 2:10-185-DCN, 2011 WL 4368396 (D.S.C. Sept. 19, 2011). Because the ALJ limited Plaintiff to light work without articulating additional limitations related to walking, the Court infers that the ALJ concluded that Plaintiff can walk for at least six hours during an eight-hour workday. *See id.*; Tr. 16.

Plaintiff also avers that the ALJ erred by failing to assess his ability to sit, stand, carry, push, and pull. ECF 11, at 19. Although Plaintiff does not identify any specific evidence related to these functions which the ALJ failed to consider, he contends that the ALJ's failure to assess them caused the ALJ to "overlook the fact that" if Grid Rule 201.12 were applied in this case, a finding of "disabled" would be required. *Id.* at 21. Plaintiff's argument is unavailing, however, because Grid Rule 201.12 applies only to claimants who are limited to sedentary work. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 2 § 201.12. Here, Plaintiff was limited to light work, and, while Plaintiff takes issue with certain aspects of the RFC's formulation, he does not argue that the evidence in this case warranted a limitation to sedentary work. *See generally* ECF 11. Moreover, the Court determines that the ALJ's limitation of Plaintiff to light work was supported by substantial evidence for the reasons explained above. Accordingly, and because Plaintiff offers no other explanation of how the ALJ's failure to evaluate these additional functions affected the ALJ's disability determination, the Court disagrees with Plaintiff that remand is warranted due to the ALJ's failure to evaluate his ability to sit, stand, carry, push, or pull. *See William C. v. Kijakazi*, No. BAH-21-2768, 2022 WL 17850362, at *4 (D. Md. Dec. 22, 2022) ("[A]ny failure by the ALJ to perform a function-by-function analysis of Plaintiff's ability to carry, lift, push, or pull, where, as here, there is no evidence that more robust analysis would lead to a different result, constitutes harmless error.") (citing *Mascio*, 780 F.3d at 636).

As a final matter, Plaintiff argues that the ALJ erred by conflating their analysis of the intensity and persistence of Plaintiff's symptoms with their analysis of Plaintiff's ability to perform and sustain the exertional requirements of light work. ECF 11, at 23. The Court disagrees. In conducting a symptom analysis, an ALJ "evaluate[s] the intensity and persistence of" a claimant's symptoms and determines "the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence" in the record. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (quoting SSR 16-3p, 2017 WL 5180304, at *2 (S.S.A. Oct. 25, 2017)). Although an ALJ's symptom analysis is "relevant" to an ALJ's RFC evaluation, an ALJ errs "by treating [the analyses] as one and the same." *Id.*

The ALJ in this case, however, committed no such error. Rather, the ALJ appropriately considered "limitations that result from [Plaintiff's] symptoms, such as pain," in crafting the RFC.

*Id.* (quoting 20 C.F.R. § 416.945(a)(3)). Notably, the ALJ observed that in light of Plaintiff's physical impairments, it was "reasonable" that Plaintiff's previous work with "heavy exertional requirements and frequent postural activities would cause pain. Nevertheless, his ability to perform this work at the substantial gainful activity level after the alleged onset date suggests that he could in fact sustain light work with only occasional postural activities." Tr. 18. Despite Plaintiff's argument to the contrary, even a cursory review makes clear that this analysis does not solely concern the nature of Plaintiff's symptoms and whether they are supported by the objective evidence in this case.

Additionally—and unlike the ALJ in *Dowling*—the ALJ in this case assessed the extent to which Plaintiff's ability to perform relevant functions (here, lifting and walking) impacted his ability to perform work. *See, e.g.*, *id.* (observing that because Plaintiff's "symptoms have improved with physical therapy," Plaintiff "appears to retain the capacity to walk and lift enough to perform light work"). This case is therefore unlike *Dowling*, where the Fourth Circuit held that an ALJ erred by "barely mention[ing]" a claimant's sitting issues and by "discuss[ing] them only when rattling off a laundry list of [the claimant's] many impairments and functional restrictions." *Dowling*, 986 F.3d at 388. Here, by contrast, the ALJ: (1) adequately assessed the RFC for the reasons explained above and (2) did so based on "all of the relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Therefore, the Court disagrees with Plaintiff that the ALJ "based [the RFC] solely on [a] symptom analysis" or that any overlap of these analyses amounted to error. ECF 11, at 16.

My review of the ALJ's decision is confined to whether substantial evidence supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Governed by these standards, I find that the ALJ's decision is supported by substantial evidence and that remand is unwarranted. Stated differently, after reviewing the ALJ's opinion, I am not "left to guess about how the ALJ arrived at [their] conclusions on [Plaintiff's] ability to perform relevant functions," and therefore remand is not necessary. *Mascio*, 780 F.3d at 637.

## V. CONCLUSION

For the reasons set forth herein, the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge